IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
February 7, 2018 Session

## IN RE: JAMES CARL COPE, BPR #03340

**Review of Board of Professional Responsibility Panel
No. 2016-2647-4-KH-22.3**

_____

### No. M2016-02144-SC-BAR-BP

_____

This Court suspended attorney James Carl Cope pursuant to Tennessee Supreme Court Rule 9, section 22.3, based on his federal felony conviction for insider trading and referred the matter to the Board of Professional Responsibility ("Board") to initiate proceedings to determine his final discipline. A hearing panel ("Panel") imposed a final discipline of twenty-five months' suspension, retroactive to the date of his initial suspension by this Court, which was on October 25, 2016. Neither the Board nor Mr. Cope appealed this judgment. The Board petitioned this Court for an order enforcing the Panel's judgment. Pursuant to Tennessee Supreme Court Rule 9, section 15.4(b) and (c), we determined that the punishment imposed by the Panel appeared inadequate and proposed that it be increased. Mr. Cope subsequently requested oral argument, which we granted. We now consider whether the punishment imposed by the Panel is appropriate under the circumstances of this case and is in uniformity with prior disciplinary decisions in this state. Following a thorough review of the record and the law, we conclude that it is not. Therefore, we modify the Panel's judgment to impose the twenty-five-month suspension prospectively from the filing of this opinion.

### Tenn. Sup. Ct. R. 9, § 15.4, Judgment of the Hearing Panel Modified

ROGER A. PAGE, J., delivered the opinion of the Court, in which JEFFREY S. BIVINS, C.J., and CORNELIA A. CLARK, SHARON G. LEE, and HOLLY KIRBY, JJ., joined.

Aubrey B. Harwell, Jr.; Jon D. Ross; and Marie T. Scott, Nashville, Tennessee, for the appellant, James Carl Cope.

Krisann Hodges, Brentwood, Tennessee, for the appellee, Board of Professional Responsibility of the Supreme Court of Tennessee.

## OPINION

## I. Facts and Procedural History

James Carl Cope is an attorney originally licensed to practice law in Tennessee in 1974. On October 21, 2016, Mr. Cope pleaded guilty in federal district court to one count of the felony offense of insider trading in violation of United States Code title 15, section 78j(b) and Code of Federal Regulations title 17, section 240.10b-5.[1] The federal court ultimately sentenced him to twenty-four months of probation, the first nine months of which required home confinement, with a fine of $200,000.

On October 25, 2016, this Court suspended Mr. Cope's license to practice law and referred the matter to the Board for determination of final discipline to be imposed pursuant to Tennessee Supreme Court Rule 9, section 22.3. On November 7, 2016, the Board filed a Petition for Final Discipline.

The matter came before the Panel on April 12 and 18, 2017. The only issue before the Panel was the extent of final discipline to be imposed as a result of the admitted criminal act. *See* Tenn. Sup. Ct. R. 9, § 22.3. During the hearing, Mr. Cope admitted that while he was on the Board of Directors for Pinnacle Financial Partners, he received non-public material information that Pinnacle was initiating a conversation with Avenue Bank about purchasing Avenue Bank. Mr. Cope purchased a total of 10,179 shares of Avenue Bank using limit orders through his personal TD Ameritrade account on two separate dates. He did not share the information with anyone else. At the hearing, several witnesses, including judges, respected members of the bar, a county mayor, and a university president, testified to Mr. Cope's otherwise impeccable career in Rutherford County.

On June 1, 2017, the Panel entered its Final Order of Discipline. The Panel first determined that the appropriate presumptive discipline under the American Bar Association Standards for Imposing Lawyer Sanctions ("ABA Standards") was disbarment. *See* ABA Standard 5.11.[2] The Panel found two aggravating factors to be

---

[1] The judge did not accept his plea on that date, instead insisting that his fine be raised. The judge subsequently accepted his plea with a modified fine on December 9, 2016.

[2] ABA Standard 5.11 states that

Disbarment is generally appropriate when:

applicable: (1) dishonest or selfish motive and (2) substantial experience in the practice of law. *See* ABA Standard 9.22. The Panel also found applicable the following mitigating factors: (1) absence of a prior disciplinary record; (2) full and free disclosure to the Board or cooperative attitude toward proceedings; (3) character and reputation of the attorney; and (4) remorse. *See* ABA Standard 9.32. The Panel then weighed the factors and imposed a period of twenty-five months' suspension, reasoning as follows:

> The mitigating factors clearly outweigh aggravating factors and the additional mitigating factors justify a deviation from the generally appropriate discipline of disbarment as the public is sufficiently protected by a discipline of a suspension for a period of twenty-five (25) months retroactive to the date of the Order of Enforcement on October 25, 2016, which also coincides with the completion of [Mr. Cope's] federal sentence for insider trading.

Neither the Board nor Mr. Cope appealed the Panel's decision, and the parties agreed to submit the case to this Court for final disposition. On August 17, 2017, this Court issued an order stating that the proposed punishment seemed inadequate and should be increased. *See* Tenn. Sup. Ct. R. 9, § 15.4(b)-(c). Subsequently, Mr. Cope requested oral argument, which this Court granted, and the parties filed briefs in this matter.

## II. Standard of Review

The Tennessee Supreme Court is the source of authority for the Board of Professional Responsibility and its functions. *In re Vogel*, 482 S.W.3d 520, 530 (Tenn. 2016) (citing *Long v. Bd. of Prof'l Responsibility*, 435 S.W.3d 174, 178 (Tenn. 2014)). "As a part of our duty to regulate the practice of law in this state, we have the ultimate disciplinary responsibility for violations of the rules governing our profession." *Hughes v. Bd. of Prof'l Responsibility*, 259 S.W.3d 631, 640 (Tenn. 2008) (citing *Doe v. Bd. of Prof'l Responsibility*, 104 S.W.3d 465, 469-70 (Tenn. 2003)). We examine disciplinary

---

(a) a lawyer engages in serious criminal conduct a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; or the sale, distribution or importation of controlled substances; or the intentional killing of another; or an attempt or conspiracy or solicitation of another to commit any of these offenses; or

(b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.

judgments pursuant to this Court's "inherent power" and "essential and fundamental right" to enforce the rules regulating the practice of law. *Vogel*, 482 S.W.3d at 530 (internal quotation marks omitted) (quoting *Hughes*, 259 S.W.3d at 640).

In a case such as this one, where the attorney pleaded guilty to a felony, which is defined as a serious crime under Tennessee Supreme Court Rule 9, section 2, the attorney is suspended immediately by order of this Court upon the Board's filing a Notice of Submission with proper proof of the guilty plea, and the matter is referred "to the Board for the institution of a formal proceeding before a hearing panel in which the sole issue to be determined shall be the extent of the final discipline to be imposed." Tenn. Sup. Ct. R. 9, § 22.3(c). It is this Court's duty to "review the recommended punishment provided in such judgment or settlement with a view to attaining uniformity of punishment throughout the State and appropriateness of punishment under the circumstances of each particular case." *Id.*, § 15.4(b). If we conclude that the punishment imposed is inadequate or excessive, we must:

> issue an order advising the Board and the respondent attorney that it proposes to increase or to decrease the punishment. If the Court proposes to increase the punishment, the respondent attorney shall have twenty days from the date of the order to file a brief and request oral argument; if the Court proposes to decrease the punishment, the Board shall have twenty days from the date of the order within which to file a brief and request oral argument. Reply briefs shall be due within twenty days of the filing of the preceding brief. If a party requests oral argument, the Court may grant it. Upon termination of such proceedings as are requested, the Court may modify the judgment of the hearing panel or the settlement in such manner as it deems appropriate.

*Id.*, § 15.4(c). Our standard of review as to the recommended punishment is de novo. *See In re Walwyn*, 531 S.W.3d 131, 137 (Tenn. 2017) (citing Tenn. Sup. Ct. R. 9, § 15.4(b)-(c); *Hughes*, 259 S.W.3d at 640).

### III. Analysis

The Board argues that disbarment is the appropriate discipline in this case, while Mr. Cope contends that disbarment would be contrary to the purposes of lawyer discipline as a punitive sanction. As both parties acknowledge, "the ABA Standards are guidelines to be used in determining the appropriate level of discipline for lawyer misconduct." *Sallee v. Bd. of Prof'l Responsibility*, 469 S.W.3d 18, 42 (Tenn. 2015) (citations omitted). In considering the sanction imposed in this case, "we are required to

review all of the circumstances of the particular case and also, for the sake of uniformity, sanctions imposed in other cases presenting similar circumstances." *Bd. of Prof'l Responsibility v. Allison*, 284 S.W.3d 316, 327 (Tenn. 2009) (citing *Bd. of Prof'l Responsibility v. Maddux*, 148 S.W.3d 37, 40 (Tenn. 2004)). ABA Standard 3.0 states that the four factors to consider are: "the duty violated," "the lawyer's mental state," "the potential or actual injury caused by the lawyer's misconduct," and "the existence of aggravating or mitigating factors." "The ABA Standards suggest the appropriate baseline sanction, and aggravating and mitigating factors may justify an increase or reduction in the degree of punishment to be imposed." *Vogel*, 482 S.W.3d at 534 (citing *Maddux*, 148 S.W.3d at 41).

In cases of criminal conduct "that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects," ABA Standard 5.1 provides the following baseline sanctions:

5.11 Disbarment is generally appropriate when:

(a) a lawyer engages in serious criminal conduct a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; or the sale, distribution or importation of controlled substances; or the intentional killing of another; or an attempt or conspiracy or solicitation of another to commit any of these offenses; or

(b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.

5.12 Suspension is generally appropriate when a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 and that seriously adversely reflects on the lawyer's fitness to practice.

Mr. Cope pleaded guilty to insider trading in violation of United States Code title 15, section 78j(b), which provides that

[i]t shall be unlawful for any person . . . by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange . . . [t]o use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, or any securities-based swap

agreement any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

15 U.S.C. 78j(b) (footnote omitted). For this conduct, the ABA Standards set a presumptive sanction of disbarment because insider trading involves fraud and deceit. *See* ABA Standard 5.11(a)-(b). However, the ABA Standards also allow the application of aggravating or mitigating circumstances to adjust the sanction imposed. ABA Standard 9.1.

We first consider the facts of this case. Mr. Cope's conduct was essentially limited to one instance, although the intended purchase of 10,000 shares took two separate days to complete. He did not share the non-public information with anyone else, and he did not attempt to hide his action. His unrealized profits amounted to approximately $56,000, which he has disgorged in addition to paying a $200,000 fine. He has had no other disciplinary actions in his lengthy career. Accordingly, the Panel found, and we agree, that two aggravating factors and four mitigating factors are applicable. The aggravating factors are (1) dishonest or selfish motive and (2) substantial experience in the practice of law. *See* ABA Standard 9.22. The four applicable mitigating factors are: (1) absence of a prior disciplinary record; (2) full and free disclosure to the Board or cooperative attitude toward proceedings; (3) character and reputation of the attorney; and (4) remorse. *See* ABA Standard 9.32.

In view of attaining uniformity of punishment, we must also consider the sanctions imposed in similar cases. *See Allison*, 284 S.W.3d at 327. For purposes of our analysis, cases presenting similar circumstances as this case are those in which an attorney has been convicted of a felony.[3] In those cases, almost all of the attorneys were disbarred. *See, e.g.*, *In re Everett Hoge Mechem, BPR #11854*, No. M2017-00818-SC-BAR-BP (Tenn. Apr. 28, 2017) (Order) (twenty-eight counts of wire fraud, *inter alia*); *In re Frank Alfred Baker, BPR #31931*, No. M2016-01474-SC-BAR-BP (Tenn. Dec. 22, 2016)

---

[3] In his brief to this Court, Mr. Cope presented several cases that he argued were comparable to his case. However, the baseline sanction in the cases he cited was not disbarment as in his case; therefore, the cases are not comparable. *See Milligan v. Bd. of Prof'l Responsibility*, 166 S.W.3d 665, 674 (Tenn. 2005) (determining "the appropriate period of suspension"); *Maddux*, 148 S.W.3d at 41 (concluding "reprimand would be the appropriate baseline sanction"). Another case cited by Mr. Cope is not comparable because the opinion concerns only the requirements imposed for reinstatement and does not address the attorney's suspension other than stating that he received a two-year suspension. *Dockery v. Bd. of Prof'l Responsibility*, 937 S.W.2d 863, 865 (Tenn. 1996).

(Order) (four counts of wire fraud, *inter alia*); *In re John Lyndon Lowery, BPR #16195*, No. M2016-02492-SC-BAR-BP (Tenn. Dec. 15, 2016) (Order) (seven counts of theft and eight counts of forgery). However, there were two cases in which the attorney in question was convicted of a felony meeting the criteria of ABA Standard 5.11 but received a four-year suspension instead of disbarment. *See In re Carla Ann Kent Ford, BPR #14312*, No. M2016-01035-SC-BAR-BP (Tenn. Dec. 22, 2016) (Order) (theft over $1,000); *In re Joanna Temple, BPR #26096*, No. M2015-01280-SC-BAR-BP (Tenn. June 27, 2016) (Order) (attempted criminal usury conviction in New York). In another similar case, the attorney was convicted in state court of felony theft and in federal court of willful failure to file tax returns; in that case, the hearing panel determined that suspension was the appropriate baseline sanction under ABA Standard 5.12 and suspended the attorney for four years. *Lockett v. Bd. of Prof'l Responsibility*, 380 S.W.3d 19, 27 (Tenn. 2012).[4]

Based on the above analysis, we conclude that the circumstances justify the imposition of a term of suspension rather than that of disbarment in this case because, *inter alia*, Mr. Cope has had no other disciplinary actions in his career, his criminal conduct was atypical, and his conduct did not injure his clients. In addition, the Panel's imposition of a term of suspension of twenty-five months is appropriate because Mr. Cope's conduct was somewhat less egregious than that of other attorneys who received lengthier suspensions, particularly in the *Lockett* case wherein the criminal conduct spanned three years and directly impacted the attorney's firm. *See Lockett*, 380 S.W.3d at 21-22. However, in the interest of maintaining uniformity in attorney sanctions, Mr. Cope's suspension must be prospective rather than retroactive to the date of his initial suspension by this Court in October 2016. If Mr. Cope's suspension were retroactive, the total length of his suspension would only be twenty-five months, half of what other attorneys in similar cases (even those whose suspension was also retroactive) received. Because a retroactive suspension would be a drastic departure from the length of the sanctions imposed in prior cases, we modify the Panel's judgment to impose a twenty-five-month suspension prospectively from the filing of this opinion.

Mr. Cope argues that any increase in his sanctions constitutes punishment antithetical to the purposes of attorney discipline and points to the economic

---

[4] Ms. Ford's suspension was prospective, resulting in a total suspension of four years and seven months. *In re Ford*, No. M2016-01035-SC-BAR-BP (Order). Ms. Temple's four-year suspension was retroactive. *In re Temple*, No. M2015-01280-SC-BAR-BP (Order). Mr. Lockett's four-year suspension was also retroactive. *Lockett*, No. E2011-01170-SC-R3-BP (Tenn. May 29, 2014) (Post-judgment Order).

consequences of his actions, from the disgorgement of unrealized profits and a hefty fine to the loss of his income, as evidence that he has been punished enough. The ABA Standards provide that "[t]he purpose of lawyer discipline proceedings is to protect the public and the administration of justice from lawyers who have not discharged, will not discharge, or are unlikely properly to discharge their professional duties to clients, the public, the legal system, and the legal profession." ABA Standard 1.1. This Court's opinion in *Cowan* also draws a distinction between the sanctions imposed for attorney discipline and criminal penalties, noting that the primary purpose for attorney discipline—protection of the public—"is not abated merely because criminal penalties have already been imposed." *Bd. of Prof'l Responsibility v. Cowan*, 388 S.W.3d 264, 271 (Tenn. 2012). This Court has recognized that "[w]hile the attorney disciplinary process is punitive in some respects, its purpose is to safeguard the administration of justice, protect the public from the misconduct or unfitness of members of the legal profession, and preserve the confidence of the public in the integrity and trustworthiness of lawyers in general." *Hornbeck v. Bd. of Prof'l Responsibility*, ___ S.W.3d ___, 2018 WL 915027, at *8 (Tenn. 2018) (citing ABA Standard 1.1). Mr. Cope insists that the public is in no danger from him and that further sanctions serve merely to punish him, but Mr. Cope's suspension is commensurate with the larger purpose of attorney discipline, which includes preserving the public's confidence in the profession.

## CONCLUSION

Based on our careful consideration of the entire record "with a view to attaining uniformity of punishment throughout the State and appropriateness of punishment under the circumstances of each particular case," Tenn. Sup. Ct. R. 9, § 15.4 (b), we modify the judgment of the Hearing Panel to impose a twenty-five-month suspension, prospective from the filing of this opinion. The costs of this cause shall be paid by James Carl Cope, for which execution may issue if necessary.

_____
ROGER A. PAGE, JUSTICE