IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
January 24, 2024 Session

**STATE OF TENNESSEE v. ANTHONY JARED ROSS**

**Appeal from the Circuit Court for Sevier County**
**No. 22-CR-698      Rex Henry Ogle, Judge**

_____

**No. E2023-00381-CCA-R3-CD**
_____

ROBERT H. MONTGOMERY, JR., J., concurring in part and dissenting in part.

I dissent from the majority's conclusion that the case must be remanded for resentencing on the basis that the record fails to reflect that the trial court considered a validated risk and needs assessment ("RNA"). The majority concludes from the parties' arguments and from the absence of an RNA in the appellate record that no RNA was prepared and, therefore, that the trial court did not consider one. *See* T.R.A.P. 13(c) (limiting an appellate court to consideration of those facts which appear in the record or are within the parameters of certain post-judgment facts of which the court may take judicial notice pursuant to T.R.A.P. 14); *Threadgill v. Board of Prof'l Resp.*, 299 S.W.3d 792, 812 (Tenn. 2009) (stating that allegations in pleadings or a party's brief are not evidence that is before an appellate court for review), *overruled on other grounds by Lockett v. Board of Prof'l Resp.*, 380 S.W.3d 19, 28 (Tenn. 2012); *State v. Draper*, 800 S.W.2d 489, 493 (Tenn. Crim. App. 1990); *State v. Roberts*, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988). As the majority has observed, the Defendant did not object to the trial court's sentencing the Defendant in the purported absence of an RNA at sentencing.

To support his argument that he should be resentenced, the Defendant relies on cases which hold that a trial court errs in sentencing a defendant for a felony without the court's having ordered and considered a presentence report. *See, e.g.*, *State v. Rice*, 973 S.W.3d 639, 642 (Tenn. Crim. App. 1997); *see generally* T.C.A. §§ 40-35-205(a) (2019) (directing the trial court to order a presentence report), 40-35-210(b)(2) (Supp. 2023) (directing the trial court to consider the presentence report). In *Rice*, this court remanded for resentencing with instructions that a presentence report be prepared and be considered by the trial court. *Rice*, 973 S.W.2d at 642. As the majority observes, the RNA is a component of a presentence report. *See* T.C.A. § 40-35-207(a)(10) (2019).

The wholesale absence of a presentence report, as in *Rice*, presents a different scenario than the case currently before this court, which presents, at most, the trial court's

sentencing the Defendant after consideration of a merely incomplete presentence report. In my view, *if* the trial court sentenced the Defendant without the benefit of an RNA as a component of the presentence report, then the Defendant has waived any objection to its absence and to the court's procedure because he did not raise the issue at the time of sentencing. *See* T.R.A.P. 36(a).

Assuming for the sake of argument that the trial court did not have an RNA before it when it sentenced the Defendant, defense counsel should have objected at the time in order to preserve that fact on the record. *See* T.R.A.P. 13(c). To the extent that the defense believed an RNA would benefit the Defendant in his bid for an alternative sentence, and particularly probation, he had the burden of establishing his suitability for probation, an additional reason why a timely objection was imperative. *See State v. Souder*, 105 S.W.3d 602, 607 (Tenn. Crim. App. 2002) (holding that a defendant must demonstrate that probation will "'subserve the ends of justice and the best interest of both the public and the defendant'" (quoting *State v. Dykes*, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990)); *see also* T.C.A. § 40-35-303(b); *State v. Carter*, 254 S.W.3d 335, 347 (Tenn. 2008).

Admittedly, the lack of an RNA, despite the statutory mandate that it be prepared, and the failure of a trial court to consider an RNA, despite the statutory mandate that it do so, have not been viewed uniformly by panels of this court. *See State v. Christopher David Pace*, No. W2022-01092-CCA-R3-CD, 2023 WL 6626457, at *2 (Tenn. Crim. App. Sept. 1, 2023) (2-1 decision, majority holding that the trial court erred in sentencing the defendant without considering an RNA but that the issue was waived because the defendant failed to object to the procedure at sentencing), *reh'g denied* (Oct. 11, 2023), *perm. app. denied* (Tenn. Apr. 11, 2024); *State v. Ronald Ailey*, No. E2017-02359-CCA-R3-CD, 2019 WL 3917557, at *31 (Tenn. Crim. App. Aug. 19, 2019) (holding that the defendant waived objection to sentencing without the RNA because he failed to object at sentencing). To date, the supreme court has declined to resolve the conflicting opinions expressed by members of this court. The supreme court denied the defendant's application for permission to appeal in *Christopher David Pace*. In a second case in which the assigned panel of this court reached a split, 2-1 decision on the issue of waiver, *State v. Antonio D. Blaylock*, No. W2020-00080-CCA-R3-CD, 2021 WL 2156447, at *9 (Tenn. Crim. App. May 27, 2021), *perm. app. denied* (Tenn. Nov. 17, 2021) (designating the Court of Criminal Appeals' opinion "not for citation" in accord with Tenn. R. Sup. Ct. 4, § E), the supreme court likewise denied the defendant's application for permission to appeal.

Because I believe that *if* no RNA was prepared and considered, the question becomes whether the Defendant has established a compelling case for plain error relief. Plain error relief is limited to errors which are "clear, conspicuous, or obvious" and which affect the defendant's substantial rights. *State v. Martin*, 505 S.W.3d 492, 504 (Tenn. 2016). Five factors are relevant

when deciding whether an error constitutes "plain error" in the absence of an objection at trial: "(a) the record must clearly establish what occurred in the trial court; (b) a clear and unequivocal rule of law must have been breached; (c) a substantial right of the accused must have been adversely affected; (d) the accused did not waive the issue for tactical reasons; and (e) consideration of the error is 'necessary to do substantial justice.'"

*State v. Smith*, 24 S.W.3d 274, 282 (Tenn. 2000) (quoting *State v. Adkisson*, 899 S.W.2d 626, 641-42 (Tenn. Crim. App. 1994)); *see also State v. Minor*, 546 S.W.3d 59, 70 (Tenn. 2018). All five factors must exist in order for plain error to be recognized. *Smith*, 24 S.W.3d at 283. "[C]omplete consideration of all the factors is not necessary when it is clear from the record that at least one of the factors cannot be established." *Id.* In order for this court to reverse the judgment of a trial court, the error must be "of such a great magnitude that it probably changed the outcome of the trial." *Id.*; *Adkisson*, 899 S.W.2d at 642.

I do not believe the Defendant has shown an availing case for plain error relief. First, I do not think the record "'clearly establish[es] what occurred in the trial court.'" *See Smith*, 24 S.W.3d 274 at 282 (quoting *Adkisson*, 899 S.W.2d at 641-42 (1994)). The presentence report is included in the technical record, and neither the victim impact statement, to which the trial judge referred at the hearing, nor the RNA, to which no one referred at the hearing, is attached to the presentence report that appears in the technical record. None of these documents were offered as exhibits at the sentencing hearing. As I have noted, the defense did not object to the purported absence of the RNA from the presentence report or otherwise ensure that the *fact* of its purported absence was memorialized on the record. Although the court did not refer specifically to an RNA when making its findings, the court was not required to give the RNA any particular weight. *See* T.C.A. § 40-35-210(b); *State v. Christopher C. Solomon*, No. M2018-00456-CCA-R3-CD, 2018 WL 5279369, at *8 (Tenn. Crim. App. Oct. 23, 2018). The record affirmatively reflects that the court considered at least one document which is ancillary to the presentence report – the victim impact statement – that did not make its way into the appellate record. In view of the absence of the victim impact statement from the record despite the court's having affirmatively acknowledged that it had reviewed the victim impact statement, I view the record as ambiguous on the question of whether the court had before it an RNA when it sentenced the Defendant. *See* T.R.A.P. 24(a), (b), (e), (g); *State v. Bobadilla*, 181 S.W.3d 641, 643 (Tenn. 2005) ("It is well-settled that the duty to prepare a record which 'conveys a fair, accurate, and complete account of what transpired with respect to those issues that are the bases of the appeal' rests on the appellant." (quoting T.R.A.P. 24(b)). This alone is fatal to a plain error analysis. *See Smith*, 24 S.W.3d at 282; *Adkisson*, 899 S.W.2d at 641-42.

Second, I note that in *Christopher David Pace*, a panel of this court observed on rehearing, "[I]t is a stretch to hold that remanding this case for consideration of the

validated risk and needs assessment is necessary to do substantial justice where the trial court need not have afforded the results of the assessment any weight in sentencing." *See Christopher David Pace*, 2023 WL 6626457, at *7 (order denying rehearing); *see also Smith*, 24 S.W.3d at 282 (stating that one of the five requirements for plain error relief is that consideration of the error be necessary to do substantial justice). Because at least two of the five factors for plain error relief cannot be established on the record before the court, I would not grant relief as a matter of plain error.

My review of the record leads me to conclude that the Defendant has not carried his burden of establishing reversible sentencing error as to the carjacking sentence.

As to the majority's conclusion that the case should be remanded for entry of an appropriate disposition on Count 2, the theft charge, I concur. The record reflects that the Defendant only pleaded guilty to Count 1, the carjacking charge, and that the trial court commented that the theft charge would merge with the carjacking conviction. As such, it appears that dismissal of Count 2 is the appropriate disposition.

For these reasons, I would affirm the Defendant's conviction and sentence for carjacking in Count 1, and I would remand for correction of the judgment for theft in Count 2 to reflect a dismissal.

_____
ROBERT H. MONTGOMERY, JR., JUDGE

-4-