# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### Assigned On Brief June 30, 2005

## JESSICA DIANE TOMS v. JAMES ANTHONY TOMS

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-000085-00     Robert L. Childers, Judge**

---

**No. W2003-01259-COA-R3-CV - Filed October 4, 2005**

---

This divorce action was dismissed by the trial court after the parties resumed cohabiting. This ruling was not appealed. The issues on appeal involve Grandparents' right to intervene, joinder of third parties, the appointment of an attorney ad litem and the assessment of fees of the guardian ad litem and attorney ad litem. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J. joined.

William T. Winchester, Memphis, Tennessee, for the appellants, Jessica Diane Toms, James Anthony Toms, William Littlefield and Pamela Littlefield.

William M. Monroe, Memphis, Tennessee, for the appellees, Robin and Gerald Williams.

### OPINION

The complaint for divorce was filed by the Plaintiff, Jessica Diane Toms, on February 8, 2000, seeking to dissolve her marriage to the Defendant, James Anthony Toms, on the grounds of irreconcilable differences and inappropriate marital conduct. The Complaint states that the parties were married on March 26, 1999, and Ms. Toms sought custody of the parties' minor child, child support, alimony and an equitable distribution of the marital property. Mr. Toms filed an answer and counter-complaint.

Within days after filing of the complaint, Robin Williams and Gerald G. Williams, the paternal grandparents of the minor child, filed a motion to intervene in this cause alleging that neither the child's mother or father are fit or proper persons to have custody of the minor child, that the interveners have been consistent and regular care givers of the child and seeking temporary

custody. The motion to intervene was granted and the trial court appointed attorney Susan Hinsley as Guardian ad Litem to represent and protect the interest of the parties' minor child.

The Williams moved for specific visitation and for a change of custody. Ms. Toms filed a response opposing the Williams' motion on the basis that the child was in no danger. Mr. Toms filed a response stating that he was in favor of the Williams being granted temporary custody. On September 13, 2002, temporary custody was granted to the grandparents, Robin and Gerald Williams.[1]

On September 18, 2002, the Williams filed a Petition For Contempt And Scire Facias And Emergency Motion To Join Indispensable Parties. The petition recites that the trial court's order of September 13, 2002, for immediate change of custody further provided that "all of the parties hereto, or anyone acting on, for or on behalf of them or in concert with them" be enjoined from threatening or harassing any of the other parties. The petition recites that Jessica Littlefield Toms, her mother, Pamela Littlefield and her father, Bill Littlefield, violated the forgoing provisions of the order, as did Jessica Toms' brother, Sean Coleman. On September 20, 2002, the Williams filed an Amended Emergency Motion to Join Indispensable Parties. That same date, the trial court entered an order joining Pamela Littlefield, Bill Littlefield and Sean Coleman as parties to this matter for the limited purpose of issuing an injunction prohibiting them or anyone acting in their behalf from threatening, harming or harassing, or coming within 1,000 feet of Robin Williams, Gerald Williams, the minor child or other members of their family.

Ms. Toms applied to the Supreme Court of Tennessee for Extraordinary Appeal pursuant to Rule 10 of the Tennessee Rules of Appellate Procedure. The application was granted October 22, 2002. This cause was scheduled for oral argument October 13, 2002, and shortly thereafter the Court rendered an opinion in *Toms v. Toms*, 98 S.W.3d 140 (Tenn. 2003).

Ms. Toms asserted before the supreme court that the trial court erred in failing to conduct an evidentiary hearing and in considering only the Guardian ad Litem's report in granting temporary custody of her two children to their paternal grandparents.[2] The court affirmed Ms. Toms' on this issue and reversed the trial court. In addition, noting that appellate courts must address the issue of subject matter jurisdiction even though not raised in the trial court, the court addressed Mother's claim that the trial court lacked subject matter jurisdiction to consider Grandparents' request for custody.

Mother argued that, because Grandparents first filed their allegations concerning Mother's lack of fitness in the juvenile court, that court has exclusive jurisdiction to decide this issue. The supreme court noted that the juvenile court dismissed grandmother's petition on March 9, 2000, at which time that court lost its jurisdiction. The court stated: "At that time, the circuit court, which

---

[1]This order was entered by Judge James F. Russell sitting by interchange for Judge Robert Childers.

[2]A second child was born to Mr. and Mrs. Toms during the course of these proceedings.

had jurisdiction over the pending divorce action, properly acquired jurisdiction over Grandparents' petition for immediate change of temporary custody." *Toms*, 98 S.W.3d at 144.

Shortly after the grant of the interlocutory appeal by the supreme court, the Guardian ad Litem filed a motion requesting the trial court to appoint an attorney ad litem to assist the Guardian ad Litem during the course of the interlocutory appeal. That motion was granted and attorney Marc E. Reisman was appointed attorney ad litem for the purpose of representing the Guardian ad Litem before the Tennessee Supreme Court. The order further provided that the attorney ad litem immediately be paid a retainer fee of $1,500 with Ms. Toms being responsible for $500, Mr. Toms for $500 and Robin and Gerald Williams responsible for $500. Said sums were to be delivered to the attorney ad litem within seven (7) days from the date of that order.

By order of April 2, 2003, the trial court dismissed the divorce stating "it having come to the court's attention that Jessica Toms and Anthony Toms have cohabited on and off during the course of this entire matter, that this cause stands dismissed with the costs to be assessed against Anthony Toms and Jessica Toms, equally."[3] The trial court further ordered as follows:

> After taking into account payments to date to the Guardian ad Litem by Mr. and Mrs. Williams in the amount of $1,250.00, payments in the amount of $500.00 by Anthony Toms and no payments having been made by Jessica Toms, each party shall pay the following towards the Guardian ad Litem's outstanding fee of $7,962.12:
>
> | Anthony Toms | $2,650.71 |
> | Jessica Toms | 3,150.71 |
> | Robin and Gerald Williams | 1,900.70 |
> | Sean Coleman | 130.00 |
> | William and Pam Littlefield | 130.00 |
>
> After taking into account payments to date made to the Attorney ad Litem by Mr. And Mrs. Williams in the amount of $500.00 and no payments having been made by Anthony Toms or Jessica Toms, each party shall pay the following towards the Attorney ad Litem's outstanding fee of $2,160.00:
>
> | Gerald and Robin Williams | $ 386.68 |
> | Antony Toms | 886.66 |
> | Jessica Toms | 886.66 |

---

[3]The dismissal has not been appealed. In fact, the attorney representing Jessica Toms made the following statement in open court: "Your Honor, actually I see no reason not to dismiss the divorce. We have no objection to the Court sua sponte dismissing the divorce." The guardian ad litem advised the court that James Toms had expressed to her that the parties were attempting to reconcile.

The issues presented on appeal, as recited in the appellant brief, are as follows:

1.      Whether or not third parties have standing to intervene in a divorce.

2.      Whether or not third parties are properly involuntarily joined in a divorce action when there are a variety of remedies available to address the issues given as reasons for said third parties to be joined.

3.      Whether or not an attorney ad litem may be appointed to represent a guardian ad litem who herself is an attorney.

4.      Whether or not the trial court abused its discretion by ordering the Appellants to pay a portion of the Guardian ad Litem's or the Attorney ad Litem's fees.

We note that it is somewhat unclear as to exactly which parties are appellants. The notice of appeal lists Jessica Diane Toms, James Anthony Toms, William Littlefield and Pamela Littlefield as Appellants. The only appellant brief filed is styled Brief of Appellant Jessica Diane Toms. The brief is signed by William T. Winchester, her attorney, as "attorney for appellants." For purpose of this appeal, we shall consider each of the parties listed on the notice of appeal as appellants in view of the fact that the brief was signed by the attorney as "attorney for appellants."

The record in this cause consists of the Technical Record, an in Chambers proceeding on September 19, 2002, and an appearance by the attorneys and the Guardian ad Litem before the trial court on January 13, 2003, neither of which contained any testimony or presentation of evidence. Findings of fact by the trial court are presumed correct unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). This Court reviews legal issues under a *de novo* standard for review, according no deference to the conclusions of law made by the lower court. *See Southern Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001). This Court is unable to review the facts *de novo* without an appellate record containing the fact. Therefore, we must assume that the record contained sufficient evidence to support the trial court's factual findings. *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992).

With respect to the first issue, Ms. Toms contends that she has found no authority which allows a third party seeking custody of minor children to intervene in a divorce. As heretofore noted, the supreme court's opinion states that "[a]t that time, (referring to the dismissal of the dependency and neglect petition in juvenile court) the circuit court, which had jurisdiction over the pending divorce action, properly acquired jurisdiction over Grandparents' petition for immediate change of temporary custody." *Toms v. Toms*, 98 S.W.3d 140, 144 (Tenn. 2003).

In view of the fact that the supreme court's opinion on the interlocutory appeal determined that the circuit court, which had jurisdiction over the pending divorce action, acquired jurisdiction over the grandparents' petition for immediate change of temporary custody, we do not find that the

trial court was in error in granting the grandparents' petition to intervene. We find this issue to be without merit.

The second issue presents the argument that Pamela Littlefield and Bill Littlefield were improperly joined in this divorce action. The motion to join Pamela Littlefield, Bill Littlefield and Sean Coleman was filed on September 20, 2002. Mr. Coleman clearly has not appealed and we find nowhere in this record where the Littlefields objected to their being joined in the trial court.[4] As this issue was not raised in the trial court, we decline to address it on appeal. *See In re Adoption of Female Child*, 42 S.W.3d 26, 31-32 (Tenn. 2001).

The third issue presented concerns the authority of a trial court to appoint an attorney ad litem to represent the guardian ad litem in the proceedings before the Tennessee Supreme Court. The appellees argue that this issue is rendered moot by the fact that the trial court dismissed the underlying divorce action. However, as this issue impacts upon the award of fees to the attorney ad litem, we believe that this issue is subject to appeal. It is argued in the appellant brief that there is no statutory authority under the divorce statutes for the appointment of an attorney ad litem to represent a guardian ad litem who is also an attorney. The argument continues that there is, however, statutory authority for the appointment of a guardian ad litem in guardianship proceedings, citing Tenn. Code Ann. § 34-1-101 and § 34-1-125.

Tennessee Code Annotated § 36-4-132 provides for the appointment of a guardian ad litem in actions for dissolution of marriage involving minor children upon the motion of either party or upon the court's own motion. The statute further provides for reasonable fees or costs of the guardian ad litem to be borne by the parties and assessed by the court as it deems equitable. As pointed out in the appellant brief, the statutes governing divorce do not specifically address the appointment of an attorney ad litem. The appellant brief cites no authority to support their argument that the trial court lacked authority to appoint an attorney ad litem, other than to argue the lack of statutory authority.

In her treatise, Professor Richards discusses the roles of a guardian ad litem and an attorney ad litem as follows:

> In a custody dispute, the attorney representing each of the competing adults must zealously represent the interests of that client. The interests of the adults are not always consistent with the best interests of the child. The court, however is empowered to appoint a representative for the child in the form of a guardian *ad litem* or an attorney *ad litem*. The guardian *ad litem* may be an attorney or a specially trained non-lawyer such as the Court-Appointed Special Advocates (CASA). The

---

[4] Ms. Toms filed a response to a petition for contempt wherein one of here allegations states that "Respondent avers that any action to join any other parties in this divorce and custody matter violates due process, is inappropriate, and is designed by Petitioners to increase Respondent's legal fees." However, we find no response having been filed by the Littlefields.

role of the guardian *ad litem*, whether attorney or non-attorney, should be the same – to protect the child's interest and to gather and present facts for the court's consideration. The role of the attorney *ad litem*, however, should be that of any other attorney – to represent and advocate the child's interests before the court, including the calling and cross-examining of witnesses, etc. The guardian *ad litem* may testify, the attorney *ad litem* should not. The guardian *ad litem* is guided by the child's best interest, irrespective of the child's wishes; the attorney *ad litem* should advocate the wishes of the client, assuming the child is sufficiently mature to make such a decision. Unfortunately, Tennessee does not have a statute that clarifies the different roles of the guardian *ad litem* and the attorney *ad litem*. Consequently, the roles have been blurred, especially when an attorney is appointed as a guardian *ad litem*.

Janet L. Richards, *Richards on Tennessee Family Law* § 8-7 (2d ed. 2004). The respective roles were also addressed by the Texas Court of Appeals in *City of Houston v. Woods*, 138 S.W.3d 574 (Tex. Ct. App. 2004), wherein the court stated:

Guardian ad litems and attorney ad litems serve different roles in the representation of minors. *duPont v. Southern Nat'l Bank*, 771 F.2d 874, 882 (5th Cir. 1985). A guardian ad litem is not an attorney for the child, but an officer appointed by the court to assist in properly protecting the child's interests. [*Jocson v. Crabb*, 133 S.W.3d 268, 271 (Tex. 2004); *American Gen. Fire & Cas. Co. v. Vandewater*, 907 S.W.2d 491, 493 n. 2 (Tex. 1995)]. An attorney ad litem, on the other hand, performs the same services as any other attorney - - giving advice, doing research, and conducting litigation. *duPont*, 771 F.2d at 882.

*Id*. at 582.

While the motion filed by the guardian ad litem sought to appoint an attorney ad litem to assist the guardian ad litem during the course of the appeal, in reality the attorney ad litem's function was to serve as the legal advocate for the minor children. We believe that it was within the discretion of the trial court to appoint an attorney ad litem and do not find that the trial court abused its discretion in ordering the appointment. Therefore, we find this issue to be without merit.

Finally, it is asserted in the appellant brief that the trial court abused its discretion by ordering the "appellants" to pay a portion of the fees of the guardian ad litem and attorney ad litem. We first note that the guardian ad litem fees were taxed to Anthony Toms, Jessica Toms, Robin and Gerald Williams collectively, Sean Coleman and William and Pam Littlefield collectively. As heretofore noted, Robin and Gerald Williams and Sean Coleman have not appealed. The attorney ad litem's fees were taxed to Anthony Toms, Jessica Toms and Gerald and Robin Williams.

The argument in support of this issue is that, since the Tennessee Supreme Court ruled against the grandparents in the interlocutory appeal, remanded to the trial court for an assessment of attorney's fees and taxed the cost of that appeal to the grandparents, Robin Williams and Gerald

Williams, the trial court was therefore in error in assessing the fees as heretofore described. In deciding the interlocutory appeal, the supreme court held that the trial court erred in relying upon the report's of the guardian ad litem as the sole basis for granting grandparents' petition for immediate change of temporary custody. It was on that basis that the trial court's award of temporary custody to the grandparents was reversed. We do not interpret that opinion as precluding the trial court, upon remand and further proceedings in this matter, from assessing the fees of the guardian ad litem and the attorney ad litem in the manner in which it was done. We find this issue to be without merit.

The judgment of the trial court is affirmed and the costs of this appeal are taxed to the appellants, Jessica Diane Toms, James Anthony Toms, William Littlefield and Pamela Littlefield in equal shares and their surety, William T. Winchester, with the exception of the costs on appeal of the interlocutory appeal which the supreme court taxed to Robin Williams and Gerald Williams.

_____
DAVID R. FARMER, JUDGE