# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### February 5, 2014 Session

## LISA M. PATERSON POTTER v. SCOTT D. PATERSON

**Appeal from the Chancery Court for Johnson County**
**No. 6182      G. Richard Johnson, Chancellor**

---

**No. E2013-01569-COA-R3-CV-FILED-MAY 28, 2014**

---

This post-divorce case involves the application of Supreme Court Rule 40A, which governs the appointment, role and duties of a guardian ad litem. The guardian ad litem in this case, Janice Russell, was appointed on November 7, 2008. She filed a motion requesting the court to hold her ward's father, appellant Scott D. Paterson ("father"), in contempt. After father filed a response pointing out that Rule 40A, § 9(a)(4) did not authorize a guardian ad litem to file a contempt motion, the trial court, in response, entered an order on March 17, 2010, appointing Ms. Russell "attorney ad litem." Subsequently, Rule 40A, § 9 was amended to allow a guardian ad litem to "take any action that may be taken by an attorney representing a party pursuant to the Rules of Civil Procedure." After the amendment took effect, Russell referred to herself in her filings as "guardian ad litem." The trial court followed suit in its final order. On January 20, 2011, the trial court entered an order that disposed of all matters relating to custody of the child. More than a year later, father filed a petition to modify his child support. On May 16, 2013, the guardian ad litem filed a "motion for emergency hearing and motion for contempt." On May 20, 2013, the trial court conducted a hearing, after which it entered an order holding father in contempt on four counts, sentencing him to 40 days in jail, suspending all of his parenting time, and reducing contact with his daughter to one telephone call per week. Father appeals. We hold that, pursuant to Supreme Court Rule 40A, § 5, the guardian ad litem's appointment terminated when, with the passage of time, the court's order disposing of the custody matters became final. Hence, the guardian ad litem had no authority to file her motion for "emergency hearing" and for contempt. We reverse the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed; Case Remanded**

CHARLES D. SUSANO, JR., C.J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and JOHN W. MCCLARTY, JJ., joined.

Perry L. Stout, Mountain City, Tennessee, for the appellant, Scott D. Paterson.

Lisa M. Paterson Potter, Mountain City, Tennessee, appellee, pro se.

Janice A. Russell, Mountain City, Tennessee, Guardian ad Litem for minor, Lauren M. Paterson.

**OPINION**

I.

Father and Lisa M. Paterson Potter ("mother") were divorced by order of a Maryland court in 2006. They have been litigating ever since over custody, visitation, and support of their daughter, Lauren. On November 7, 2008, the trial court entered an order finding that mother's move from North Carolina to Tennessee was a material and substantial change in circumstances, but that it was in the child's best interest to remain in mother's custody. The trial court modified father's visitation in accordance with the permanent parenting plan that was entered contemporaneously with the order. The order appointed Russell "as the Guardian ad Litem to serve in the best interests of the minor child."

On July 9, 2009, father filed a petition to modify child support and the parenting plan, alleging that he had bought a house in Virginia near the residence of mother and the child and was thereby able to spend more time with the child, and that his income had significantly decreased since the entry of the court's order adopting the parenting plan. On January 27, 2010, the guardian ad litem filed a motion requesting the court to hold father in contempt for failing on three occasions to timely return the child after his visitation, as required by the parenting plan. Father filed a response asserting that the guardian ad litem lacked authority to file a motion for contempt, relying on Supreme Court Rule 40A, § 9(a)(4), which provided, *at that time*, as follows:

> (a) A guardian ad litem appointed in a custody proceeding is entitled to:
>
> \*     \*     \*
>
> (4) attend all legal proceedings in the case, but a guardian ad litem may not take any action that may be taken only by an attorney representing a party, including making opening and closing statements, examining witnesses in court, and engaging

in formal discovery pursuant to the Tennessee Rules of Civil Procedure.

The trial court entered an order on March 17, 2010, stating in pertinent part as follows:

> Tennessee Rules of Civil Procedure [regarding] GAL's are insufficient to protect the minor child's best interest given the restrictions and limitations on the actions of the Guardian ad Litem. Therefore, Janice Russell is hereby released and excused as Guardian ad Litem for the minor child. Instead, Ms. Russell shall be appointed as Attorney ad Litem for the minor child.

On April 8, 2010, father, acting pro se, filed a "motion for emergency relief" asking the trial court to modify the parenting plan and decrease his child support. On April 19, 2010, mother filed a petition requesting that father be held in criminal contempt. The trial court entered an order on June 24, 2010, stating in pertinent part:

> Father has not proven a material and substantial change in circumstances since the entry of the Permanent Parenting Plan to allow for modification of the visitation schedule. In addition, Father has not proven a significant variance in his income to allow for a modification of his child support. Therefore, any and all relief requested under any and all pleadings for modification of visitation and child support is hereby expressly denied.

> \* \* \*

> This Honorable Court makes a specific finding that Father is defiant of authority, fails to follow orders of the court, is arrogant, confrontational, and believes that this Court's orders are subject to change by his will. This Honorable Court finds Father to be in contempt but hereby takes under advisement what penalties and sanctions should be issued against Father.

On September 21, 2010, Russell filed two motions wherein she referred to herself as "Attorney Ad Litem": (1) a motion "to be allowed in camera review of the psychological evaluation written reports" of mother, father, and the child; and (2) a motion "to modify the parenting plan . . . for the express purpose of allowing the minor child to use the cell phone

that has been provided to her by her father . . . for the purpose of [father's] two (2) weekly telephone calls to the minor child." The trial court granted these two motions by order entered January 20, 2011.

More than a year later, on February 3, 2012, father, then represented by counsel, filed a motion to adjust his child support. Several hearings on father's child support were set in 2012, with the matter being continued each time for various reasons. On March 28, 2013, the trial court entered an order granting a continuance to allow mother time to hire an attorney. Russell did not participate in the 2012 child support hearings.

On May 16, 2013, Russell filed a "motion for emergency hearing and motion for contempt" alleging that father had subjected the child to emotional abuse and medical neglect and had violated the permanent parenting plan. In her motion, Russell referred to herself as the "Guardian ad Litem." Four days later, on May 20, 2013, the trial court heard the guardian ad litem's motion. There is no transcript of that hearing. The trial court entered an order on June 21, 2013,[1] holding father in contempt on four counts: (1) "failure to comply with this Court's orders about not talking in a negative and/or derogatory manner regarding the child's mother"; (2) failure "to comply with and/or follow this Court's order with regard to parenting time"; (3) "fail[ure] to obtain emergency medical treatment while the minor child was in his sole care"; and (4) allowing health insurance coverage for the child to lapse, in violation of the parenting plan order that required him to maintain such insurance for the child. The trial court sentenced father to ten days in jail for each instance of contempt. Father has apparently served the 40 days in jail. Additionally, despite the fact that no one had requested a change in visitation, the trial court, sua sponte, found and ordered as follows:

> The Court finds that the [father] is unfit at this time to have parenting time with the minor child and does HEREBY SUSPEND all of [father's] parenting [time] pending further Order of this Court. The Court restrains the [father] from having other individuals contact the minor child on his behalf. The Court orders that the [father's] only contact with the minor child be a telephone call placed to the child's cell phone on Tuesday evenings at 8:00 p.m.

---

[1]Ms. Russell argues in her brief that we should not consider father's challenge to her authority to file her "emergency" motion. She cites Tenn. R. App. P. 36(a) as authority for her position. Even assuming, without deciding, that her position, *i.e.*, that father failed to take the necessary action to prevent or nullify the harmful effect of the entry of the June 21, 2013, order, we would point out that Rule 36(a) only says we are not *requir[ed]* to grant relief in such cases. It does not say that we are *prevented* from doing so. The issue is too important to ignore. Hence, we have chosen to consider it.

Father timely filed a notice of appeal.

## II.

The dispositive issue on this appeal is whether the guardian ad litem had authority and standing under Supreme Court Rule 40A to file her motion for emergency hearing and for contempt. Father raises several other issues in his brief. There is no transcript or statement of the evidence. We cannot address father's other issues, all of which pertain to factual matters, because father has failed to provide a record that allows for meaningful appellate review. *See generally **Williams v. Williams***, 286 S.W.3d 290, 297 (Tenn. Ct. App. 2008) ("The party raising an issue on appeal is obligated to give the appellate court a record that is sufficient for an appropriate review of the issue raised"); ***Word v. Word***, 937 S.W.2d 931, 933 (Tenn. Ct. App. 1996) ("A party raising issues on appeal is responsible for furnishing the appellate court with a record that will enable that court to reach the issues raised."). In any event, these other issues are moot because, as we will show, the guardian ad litem lacked authority to file the motion because, pursuant to Rule 40A, her appointment had ended.

## III.

This appeal requires the interpretation and application of Supreme Court Rule 40A. "The interpretation of a rule is a question of law, which we review de novo." ***Lockett v. Bd. of Prof'l Responsibility***, 380 S.W.3d 19, 25 (Tenn. 2012). "When interpreting the Rules of the Tennessee Supreme Court, we apply the traditional rules of statutory construction." ***Id.*** The Supreme Court has stated that "[i]n construing the rules of this Court . . . our goal is to ascertain and give effect to this Court's intent in adopting its rules." ***Thomas v. Oldfield***, 279 S.W.3d 259, 261 (Tenn. 2009).

## IV.

The initial appointment of the guardian ad litem occurred on November 7, 2008. At that time, Supreme Court Rule 40A had not yet been adopted. It was adopted as a provisional rule on February 17, 2009, effective May 1, 2009 through April 30, 2010; extended several times; and amended and made permanent effective September 1, 2011. On January 27, 2010, the guardian ad litem filed her first motion for contempt against father. At that time, Rule 40A, § 9(a)(4) provided that "a guardian ad litem appointed in a custody proceeding . . . may not take any action that may be taken only by an attorney representing a party." In its order of May 17, 2010, the trial court expressed its dissatisfaction with this limitation, stating that the rules "are insufficient to protect the minor child's best interest given the restrictions and limitations on the actions of the Guardian ad Litem." The trial

court "released and excused" Russell as guardian ad litem and appointed her "Attorney ad Litem for the minor child" instead.

When the trial court made its attorney ad litem appointment, there was no express authority in Tennessee, by statute, rule, or otherwise, providing for the appointment of an attorney ad litem in a custody proceeding. Tenn. Code Ann. § 34-1-125 does provide for the appointment of an attorney ad litem in a *conservatorship* proceeding.

There are a few appellate opinions that discuss the appointment of an attorney ad litem in a divorce or custody matter. In *Toms v. Toms*, 209 S.W.3d 76 (Tenn. Ct. App. 2005), the Supreme Court granted an interlocutory appeal, and the following occurred:

> Shortly after the grant of the interlocutory appeal by the supreme court, the Guardian ad Litem filed a motion requesting the trial court to appoint an attorney ad litem to assist the Guardian ad Litem during the course of the interlocutory appeal. That motion was granted and attorney Marc E. Reisman was appointed attorney ad litem for the purpose of representing the Guardian ad Litem before the Tennessee Supreme Court.

*Id.*, 209 S.W.3d at 78. The *Toms* Court, addressing the issue of "[w]hether or not an attorney ad litem may be appointed to represent a guardian ad litem who herself is an attorney," *id.* at 79, stated the following:

> It is argued in the appellant brief that there is no statutory authority under the divorce statutes for the appointment of an attorney ad litem to represent a guardian ad litem who is also an attorney.
>
> \* \* \*
>
> [T]he statutes governing divorce do not specifically address the appointment of an attorney ad litem. The appellant brief cites no authority to support their argument that the trial court lacked authority to appoint an attorney ad litem, other than to argue the lack of statutory authority.
>
> In her treatise, Professor Richards discusses the roles of a guardian ad litem and an attorney ad litem as follows:

-6-

In a custody dispute, the attorney representing each of the competing adults must zealously represent the interests of that client. The interests of the adults are not always consistent with the best interests of the child. The court, however is empowered to appoint a representative for the child in the form of a guardian *ad litem* or an attorney *ad litem*. The guardian *ad litem* may be an attorney or a specially trained non-lawyer such as the Court–Appointed Special Advocates (CASA).[2] The role of the guardian *ad litem*, whether attorney or non-attorney, should be the same—to protect the child's interest and to gather and present facts for the court's consideration. The role of the attorney *ad litem*, however, should be that of any other attorney—to represent and advocate the child's interests before the court, including the calling and cross-examining of witnesses, etc. The guardian *ad litem* may testify, the attorney *ad litem* should not. The guardian *ad litem* is guided by the child's best interest, irrespective of the child's wishes; the attorney *ad litem* should advocate the wishes of the client, *assuming the child is sufficiently mature to make such a decision*. Unfortunately, Tennessee does not have a statute that clarifies the different roles of the guardian *ad litem* and the attorney *ad litem*. Consequently, the roles have been blurred, especially when an attorney is appointed as a guardian *ad litem*.

Janet L. Richards, *Richards on Tennessee Family Law* § 8–7 (2d ed. 2004). The respective roles were also addressed by the

---

[2]Under the amended version of Supreme Court Rule 40A currently in effect, "guardian ad litem" is defined as "*a licensed attorney* appointed by the court to represent the best interests of a child or children in a custody proceeding." Supreme Court Rule 40A, § 1(c) (emphasis added). Thus, at present, a guardian ad litem appointed by the court must be a licensed attorney. The principles regarding the respective roles of guardians ad litem *vis-a-vis* attorneys ad litem, as discussed in **Toms**, however, remain generally unchanged.

Texas Court of Appeals in ***City of Houston v. Woods***, 138 S.W.3d 574 (Tex. Ct. App. 2004), wherein the court stated:

> Guardian[s] ad litem[] and attorney[s] ad litem[] serve different roles in the representation of minors. ***duPont v. Southern Nat'l Bank***, 771 F.2d 874, 882 (5th Cir.1985). A guardian ad litem is not an attorney for the child, but an officer appointed by the court to assist in properly protecting the child's interests. [***Jocson v. Crabb***, 133 S.W.3d 268, 271 (Tex. 2004); ***American Gen. Fire & Cas. Co. v. Vandewater***, 907 S.W.2d 491, 493 n. 2 (Tex. 1995) ]. An attorney ad litem, on the other hand, performs the same services as any other attorney – giving advice, doing research, and conducting litigation. ***duPont***, 771 F.2d at 882.

> ***Id.*** at 582.

> While the motion filed by the guardian ad litem sought to appoint an attorney ad litem to assist the guardian ad litem during the course of the appeal, in reality the attorney ad litem's function was to serve as the legal advocate for the minor children. We believe that it was within the discretion of the trial court to appoint an attorney ad litem and do not find that the trial court abused its discretion in ordering the appointment.

***Toms***, 209 S.W.3d at 80-81 (footnote and emphasis added); *see also* ***Keisling v. Keisling***, 196 S.W.3d 703, 728-29 (Tenn. Ct. App. 2005) (addressing reasonableness of guardian ad litem's fee award; citing *Richards on Tennessee Family Law* for "brief overview of the differing roles" where first trial judge asked guardian ad litem "to perform the duties of a guardian ad litem" and second trial judge asked her "to perform the duties of an attorney ad litem").

In ***Andrews v. Andrews***, 344 S.W.3d 321, 329 (Tenn. Ct. App. 2010), the trial court appointed a guardian ad litem in a divorce case involving a custody battle, and then the following took place:

By May 2007, the conflict between Wife and the GAL [guardian ad litem] had escalated to the point that the GAL filed a motion for the appointment of an attorney ad litem ("AAL"). The motion was granted and the trial court entered an order appointing the AAL. The order, however, had no parameters for the authority of the AAL or even any description of the AAL's role; the order simply stated that the AAL was "appointed for any purpose." As things turned out, the AAL advocated and filed pleadings on behalf of the GAL. When the AAL filed pleadings, such as discovery requests served on Wife, these drew objections from Wife, to which the AAL responded with motions to compel. These exchanges provoked further efforts by Wife to terminate the GAL, as well as a complaint against the GAL with the Board of Professional Responsibility. And so on.

(Footnote omitted.) The trial court in *Andrews* observed that the relationship between the guardian ad litem and the mother "was so strained that a prior judge found it necessary to appoint an attorney ad litem to represent the [GAL]." *Id.* at 334. Regarding the appointment of the attorney ad litem, the *Andrews* Court cited with approval the trial court's determination that,

The AAL assumed a role not contemplated by the law. There is no authority for a GAL in a divorce case to have a lawyer represent her in the trial court. The pleadings filed in this case clearly show that the AAL, after appointment, represented the GAL. [The AAL] did not perform the role contemplated for an AAL and there was no issue in this case that called for an AAL.

*Id.* at 339 (ellipses in original omitted). The issue in *Andrews* was, again, the reasonableness of the fees awarded to the attorney ad litem and the guardian ad litem.

In the present case, we have been cited to no precedent, nor have we found any, whereby a trial court changed its appointment of the same person from "guardian ad litem" to "attorney ad litem" in an attempt to circumvent the limitations of a guardian ad litem's authority under a Supreme Court rule. At the time of the trial court's appointment of Russell as attorney ad litem, Supreme Court Rule 40A provided in pertinent part as follows:

**Section 1. Definitions**

(a) "Custody proceeding" means a court proceeding, other than an abuse or neglect proceeding, in which legal or physical custody of, access to, or visitation or parenting time with a child is at issue, including but not limited to divorce, paternity, domestic violence, contested adoptions, and contested private guardianship cases.

\*　　\*　　\*

(c) "Guardian Ad Litem" means a person appointed to represent the best interests of a child or children in a custody proceeding.

## Section 2.  Applicability

This Rule applies to all custody proceedings in Tennessee, regardless of the court in which the proceedings are filed, and to all custody proceedings pending on or after the effective date of this Rule.

## Section 3.  Guardian ad Litem Appointments

(a) Consistent with Tennessee Code Annotated section 36-4-132, in a custody proceeding the court may appoint a guardian ad litem when the court finds that the child's best interests are not adequately protected by the parties and that separate representation of the child's best interests is necessary. Such an appointment may be made at any stage of the proceeding.

(b) Courts should not routinely appoint guardians ad litem in custody proceedings.  Rather, the court's discretion to appoint guardians ad litem shall be exercised sparingly.  In most instances, the child's best interests will be adequately protected by the parties.

\*　　\*　　\*

## Section 4.  Appointment Order

(a) Appointment of a guardian ad litem shall be by written order of the court.

(b) In plain language understandable to non-lawyers, *the order shall set forth*:

(1) the reasons for the appointment, focusing upon the factors listed in Section 3(c) of this Rule;

(2) the specific duties to be performed by the guardian ad litem in the case;

(3) the deadlines for completion of these duties to the extent appropriate;

(4) *the duration of the appointment*; and

(5) the terms of compensation consistent with Section 11 of this Rule.

(c) The court shall provide in the appointment order as much detail and clarity as possible concerning the guardian ad litem's duties. Providing such specificity will assist the parties in understanding the guardian ad litem's role and will enable the court to exercise effective oversight of the guardian ad litem's role.

\*      \*      \*

## Section 5.  Duration of Appointment

Appointment of a guardian ad litem continues in effect only for the duration provided in the appointment order or any subsequent order. *If no order specifies the duration of the appointment, the appointment shall terminate automatically when the trial court order or judgment disposing of the custody proceeding becomes final.*

## Section 6.  Role of Guardian ad Litem

(a) The role of the guardian ad litem is to represent the child's best interests by gathering facts and presenting facts for the court's consideration subject to the Tennessee Rules of Evidence.

(b) The guardian ad litem shall not function as a special master for the court or perform any other adjudicative responsibilities.

(c) The guardian ad litem shall represent the child's best interests and not the child's wishes or preferences.

(Emphasis added; bold font in original.)

Rule 40A, § 9 was amended and made permanent effective September 1, 2011. The amended rule provides that "[a] guardian ad litem appointed in a custody proceeding is entitled to all rights and privileges according [sic] to an attorney representing a party," and allows a guardian ad litem to "take any action that may be taken by an attorney representing a party pursuant to the Rules of Civil Procedure." After the amendment became effective, Russell referred to herself in her pleadings, and in her appellate brief, as "guardian ad litem." The trial court's final order also designates her as "guardian ad litem." Throughout the course of the proceedings below, there is no indication that either the trial court or Russell considered her role to be other than the traditional role of a guardian ad litem – to represent the best interests of the child in a custody proceeding. There is no reason why the child would have needed an *attorney* ad litem, as opposed to a guardian ad litem, in this case. The child was 5 years old at the time of the initial appointment and 7 when the court made its attorney ad litem appointment. She was too young to be "calling the shots" in a legal proceeding, but she may have needed an advocate to protect her best interest. Under these circumstances, we are of the opinion that Supreme Court Rule 40A was continually applicable to Russell's appointment.

Neither of the trial court's appointment orders specified the duration of the appointment. According to Rule 40A, § 5, "if no order specifies the duration of the appointment, the appointment *shall terminate automatically* when the trial court order or judgment disposing of the custody proceeding becomes final." (Emphasis added.) In the present case, the trial court's order entered on January 20, 2011, fully disposed of any remaining custody-related issues. Rule 40A, § 1(a) defines "custody proceeding" as "a court proceeding, other than an abuse or neglect proceeding, in which legal or physical custody of, access to, or visitation or parenting time with a child is at issue." Father filed a petition to decrease his child support payments on February 3, 2012, but his petition raised no issue bearing on custody, visitation, or parenting time. Furthermore, there is nothing in the record suggesting that the guardian ad litem participated in the hearings on the child support matter. On May 16, 2013, nearly 16 months after the trial court's order disposing of the custody proceeding, the guardian ad litem filed the "motion for emergency hearing and motion for contempt" that is central to this appeal. We are of the opinion that the guardian ad litem's appointment terminated automatically under Rule 40A, § 5, after the January 20, 2011, order became final. Consequently, we hold that Russell lacked authority and standing to file her motion, and that the trial court was in error in hearing it on an "emergency" basis (only four days later), and in granting the relief sought in the motion.

V.

The judgment of the trial court is reversed.  Costs on appeal are assessed against Janice Russell.  This case is remanded to the trial court for collection of costs assessed in the trial court.


_____
CHARLES D. SUSANO, JR., CHIEF JUDGE