IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 2, 2020

## JON VAZEEN v. US MED

**Appeal from the Circuit Court for Knox County**
**No. 3-439-17          Deborah Stevens, Judge**

_____

## No. E2019-01562-COA-R3-CV

_____

Pro se appellant appeals the trial court's involuntary dismissal of this action pursuant to Tennessee Rule of Civil Procedure 41.02(2). Due to the deficiencies in the appellant's brief, we dismiss the appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and W. NEAL MCBRAYER, J., joined.

Jon Vazeen, Knoxville, Tennessee, pro se.

Lyndsey L. Lee and Joshua M. Ball, Knoxville, Tennessee, for the appellee, US MED.

## OPINION

## I.     BACKGROUND

Mr. Jon Vazeen, an inventor, artist, and mathematics professor at the University of Tennessee ("Plaintiff"), commenced this action against the medical supply company US MED on November 27, 2017. He alleged that "around mid-August 2016, [US MED] sent Plaintiff a wrong type and cheaply made catheters," gave him the runaround when he called US MED, and "failed to ship the catheters" that Plaintiff had requested before he departed for a business trip abroad in mid-November of 2016. Plaintiff further alleged that "[e]ventually, [he] was forced to get a prescription abroad and pay a total of $2300 out of his own pocket for a 3-month supply of the medical device," which would have been covered by Medicare had the catheters been purchased in the United States. Plaintiff requested that the trial court award him "the $2300 direct cost of the medical supplies, [his]

psychological/physiological injuries, court costs, attorney fees[1] and, the endless hours that [he] was forced to spend on this case." Upon US MED's motion for a more definite statement, Plaintiff amended the complaint to allege that he was entitled to a judgment of $5,000,000 for "direct and punitive damages."

Following several discovery disputes, the trial court entered a scheduling order on September 14, 2018. Therein, the trial court noted that it had strongly encouraged Plaintiff to seek legal representation and reminded Plaintiff of his burden to prove both US MED's liability and the nature and extent of any injuries claimed as a result of US MED's actions. The court further instructed Plaintiff that he would "still be required to comply with the Tennessee Rules of Civil Procedure and the Tennessee Rules of Evidence in the presentation of his case."[2] During the discovery conference preceding this order, Plaintiff informed the trial court that he had not received any medical care or treatment for stress or psychological injuries and that, at trial, he would not present medical proof from either a treating physician or an expert witness.

On September 25, 2018, Plaintiff filed a "Motion to Supplement Plaintiff's Charges Against Defendant" claiming "that his business sustained damages because [he] was forced to redirect his time/energy toward dealing with the consequences of Defendant US MED's failure to supply catheters/correct type of catheters."

Pursuant to Tennessee Rule of Civil Procedure 38.05, the trial court denied Plaintiff's untimely demand for a jury trial. The case proceeded to a bench trial held on July 30, 2019. Neither party had a court reporter present, so there is no trial transcript in the appellate record. It is undisputed that Plaintiff was permitted to testify at length, call US MED's corporate representative as a witness, enter many exhibits, and testify about what he claimed the exhibits showed. Certain exhibits were excluded for failure to comply with the Rules of Evidence or failure to comply with the scheduling order or because they had not been produced during discovery. After Plaintiff completed the presentation of his evidence, US MED moved for an involuntary dismissal, pursuant to Tennessee Rule of Civil Procedure 41.02. The trial court granted US MED's motion under Rule 41.02(2) because "Plaintiff provided no evidence of any applicable standard of care and failed to provide any evidence that the actions of [US MED] fell below the applicable standard of care so as to breach a duty to the Plaintiff." The court found that Plaintiff failed to prove that he sustained any damages due to US MED's alleged negligence or breach of contract, and failed to present any evidence upon which the trial court could make a fair and reasonable assessment of damages for alleged anxiety and stress. On August 2, 2019, the trial court entered detailed findings of fact and conclusions of law, and entered judgment in US MED's favor.

---

[1] Plaintiff has proceeded pro se throughout this litigation.

[2] The trial court so instructed Plaintiff on numerous occasions before trial.

On August 15, 2019, Plaintiff filed a "Motion to Reconsider (Alternatively) Recusal Motion," which was denied for multiple reasons, including untimeliness and failure to comply with Rule 10B of the Rules of the Tennessee Supreme Court. Plaintiff appealed from the trial court's August 2, 2019 order on September 3, 2019. Pursuant to Tennessee Rule of Appellate Procedure 24(c), Plaintiff filed a statement of the evidence, to which US MED objected. By order entered January 7, 2020, the trial court found that Plaintiff's statement of the evidence largely "reflects what [he] wanted to say [at trial], but does not reflect what was admitted into evidence and therefore is not a 'fair, accurate and complete account of what transpired with respect to those issues,' as required by Rule 24(c)." Subject to the trial court's many corrections to Plaintiff's statement of the evidence, US MED's objections were overruled.

## II.    ISSUES

On appeal, Plaintiff's statement of the issues presented for review reads:

1) Whether the verbal agreement between [US MED and Plaintiff] and its written certifications constituted a contract?

2) Whether US MED breached the contract when [it] failed to supply around 900 catheters?

3) Whether [Plaintiff] sustained damages as a result of [US MED] breaching the contract?

4) Whether the trial court erred in dismissing the case?

## III.    STANDARD OF REVIEW

We review a trial court's disposition of a motion made under Tennessee Rule of Civil Procedure 41.02(2) under the standard set forth in Tennessee Rule of Appellate Procedure 13(d), which provides that, in a civil case tried without a jury, we review the trial court's findings of fact de novo with a presumption of correctness unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Burton v. Warren Farmers Co-op.*, 129 S.W.3d 513, 521 (Tenn. Ct. App. 2002). We review questions of law de novo with no presumption of correctness. *Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999). "We give great weight to the trial court's assessment of the evidence because the trial court is in a much better position to evaluate the credibility of the witnesses." *Burton*, 129 S.W.3d at 521 (citing *Thompson v. Adcox*, 63 S.W.3d 783, 787 (Tenn. Ct. App. 2001)).

# IV. DISCUSSION

"Pro se litigants who invoke the complex and technical procedures of the courts assume a very heavy burden." *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). Although a party who chooses to represent himself or herself is entitled to the fair and equal treatment of the courts, *Hodges v. Tenn. Att'y Gen.*, 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000), "[p]ro se litigants are not . . . entitled to shift the burden of litigating their case to the courts." *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). Instead, pro se litigants are held to the same procedural and substantive standards to which lawyers must adhere. *Diggs v. Lasalle Nat'l Bank Assoc., et al.*, 387 S.W.3d 559, 563 (Tenn. Ct. App. 2012); *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003).

US MED urges this court to hold that Plaintiff has waived the issues on appeal because his brief substantially fails to comply with the Rules of Appellate Procedure. We agree that Plaintiff's brief and reply brief contain several deficiencies which flout the applicable Rules and hinder our ability to ascertain the gravamen of his arguments.

First, Plaintiff repeatedly refers to matters that are not within the appellate record, most of which he cites as "(TR*)," and to exhibits that were deemed inadmissible at trial.[3] This court considers the materials that are properly in the record from the trial court. *See* Tenn. R. App. P. 24(g); *Reid v. Reid*, 388 S.W.3d 292, 294 (Tenn. Ct. App. 2012) ("[W]e may only consider the record from the trial court."); *Richmond v. Richmond*, 690 S.W.2d 534, 535 (Tenn. Ct. App. 1985) ("This is a court of errors and appeals in which matters below are reviewed when presented by a duly authenticated record brought to this court pursuant to the Tennessee Rule[s] of Appellate Procedure.").

Second, Plaintiff fails to cite any relevant authority in his argument, aside from cases outlining the applicable standard of review.[4] "Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue." *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000); *see also Hawkins v. Hart*, 86 S.W.3d 522, 531 (Tenn. Ct. App. 2001) ("[F]or an issue to be considered on appeal, a party must, in his brief, develop the theories or contain authority to support the averred position . . . ."). The aforementioned problems were brought to Plaintiff's attention because they were identified in US MED's brief. Instead of correcting them, Plaintiff declares that "the citation of

---

[3] The admissibility of these exhibits was not raised as an issue on appeal. *See* Tenn. R. App. P. 27(g).

[4] The only authority that Plaintiff cites in the subsection of the Statement of Facts entitled "The Contract" is Tennessee Code Annotated section 47-50-109, which codifies the tort of inducement of breach of contract and is wholly inapplicable to this case.

- 4 -

references is irrelevant in cases where the course of action is absolute. Here, absolute means that only one course of action is possible." While acknowledging the "procedural requirement" of supporting his arguments with citation to relevant authority, Plaintiff maintains that doing so "has no valuable and/or practical use here and therefore does not apply." We disagree.

Third, to the extent that Plaintiff raises issues within his brief (such as "violations of judicial impartialness"[5] and US MED's "scheme" to allegedly defraud Medicare) that were not included in the statement of issues presented for review, such issues have been waived. Our Supreme Court has held that "an issue may be deemed waived when it is argued in the brief but is not designated as an issue in accordance with Tenn. R. App. P. 27(a)(4)." *Hodge v. Craig*, 382 S.W.3d 325, 335 (Tenn. 2012). "We will not undertake to search the record and then revise Plaintiffs' brief in its entirety so as to create issues of claimed errors by the Trial Court when the Plaintiffs raise no such specific claimed errors because to do so would have this Court serve as Plaintiffs' attorney." *Murray v. Miracle*, 457 S.W.3d 399, 403 (Tenn. Ct. App. 2014); *see also* Tenn. R. App. P. 13(b) ("Review generally will extend only to those issues presented for review.").

Fourth, instead of referencing the evidence adduced at trial, Plaintiff frequently cites to his own arguments made in pre- or post-trial motions and pleadings in an effort to show that he carried his burden of proof at trial. It is axiomatic that bare allegations and factual averments in dispute are not evidence. *See, e.g.*, *Threadgill v. Bd. of Prof'l Responsibility*, 299 S.W.3d 792, 812 (Tenn. 2009), overruled on other grounds by *Lockett v. Bd. of Prof'l Responsibility*, 380 S.W.3d 19 (Tenn. 2012) ("The law is clear that statements of fact made in or attached to pleadings, briefs, and oral arguments are not evidence and may not be considered by an appellate court unless they are properly made part of the record."); *Doe v. Mama Taori's Premium Pizza, LLC*, No. M1998-00992-COA-R9-CV, 2001 WL 327906, at *1 n.2 (Tenn. Ct. App. Apr. 5, 2001) (noting that allegations contained in parties' pleadings are not evidence and the requirement that litigants "present competent evidence to prove the factual averments in their respective pleadings" at trial); Tenn. R. App. P. 13(c).

Because Plaintiff's brief falls quite short of meeting the requirements of the Rules of Appellate Procedure and because of the other deficiencies discussed above, Plaintiff's issues on appeal are waived. Nevertheless, we have reviewed the record, the statement of

---

[5] Throughout his brief, Plaintiff maintains that the outcome of the trial was the result of the trial court's "uncontrollable anger towards [him]" and offensively accuses the trial court of "lynching." "If there were any shortcomings" in Plaintiff's presentation of evidence at trial, "[the] trial court should be blamed," he argues. Having reviewed the entire record, we find these allegations to be unsubstantiated. In fact, it is clear that the trial court afforded Plaintiff considerable leeway throughout the proceedings in consideration of his pro se status.

the evidence subject to the trial court's corrections, and Plaintiff's arguments, as best as they can be understood. From all of this, it is clear that Plaintiff failed, by a preponderance of the evidence, to make out a prima facie case for breach of contract.[6] *See Thompson*, 63 S.W.3d at 791. Contrary to Plaintiff's adamancy that the trial court and US MED had the "responsibility" to "investigate" the claims he asserted and to "ask questions [and] connect the dots," the burden to prove his claims and damages was on Plaintiff alone. *See, e.g.*, *BancorpSouth Bank, Inc. v. Hatchel*, 223 S.W.3d 223, 227 (Tenn. Ct. App. 2006) ("When a plaintiff alleges breach of contract, he or she is responsible for proving (1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of contract.") (internal citations and quotations omitted); *Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694, 703 (Tenn. Ct. App. 1999) ("The party seeking damages has the burden of proving them."). Therefore, had the issues not been waived, we would affirm the trial court's dismissal of this action pursuant to Tennessee Rule of Civil Procedure 41.02(2).

## V.    CONCLUSION

For the foregoing reasons, the appeal is dismissed. The case is remanded for such further proceedings as may be necessary and consistent with this opinion. Costs of the appeal are taxed to the appellant, Jon Vazeen, for which execution may issue if necessary.

_____
JOHN W. McCLARTY, JUDGE

---

[6] On appeal, Plaintiff did not challenge the dismissal of his negligence claim against US MED. Tenn. R. App. P. 13(b).