IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
September 18, 2024 Session

## ROBYN H. HURVITZ v. WHISKEY BARREL TRADING COMPANY, LLC, ET AL.

**Appeal from the Circuit Court for Monroe County**
**No. V-21-217S        J. Michael Sharp, Judge**

_____

**No. E2023-01633-COA-R3-CV**

_____

Pro se appellant appeals the trial court's judgment in favor of the plaintiff in this dispute about real property. Due to the deficiencies in the appellant's brief, we dismiss the appeal. We also conclude the appeal is frivolous and remand for an assessment of damages.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and JEFFREY USMAN, J., joined.

William Jennings Smith, Coker Creek, Tennessee, pro se appellant.

John W. Cleveland, Sr., Sweetwater, Tennessee, for the appellee, Robyn H. Hurvitz.

## MEMORANDUM OPINION[1]

### I.        BACKGROUND

William Jennings Smith ("Appellant") and Robyn H. Hurvitz ("Plaintiff") were in a romance for several years. During that time, Plaintiff and Appellant bought and sold

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

personal property together, such as lawnmowers and cars. They would share the costs by each investing their personal funds and then split the profits based on the percentage of each person's investment. This practice continued when the parties relocated from Alabama to Tellico Plains, Tennessee, in 2016. Several years later, Appellant formed Whiskey Barrel Trading Company, LLC, in which Plaintiff held no membership interest.

By the spring of 2021, Appellant and Plaintiff were no longer living together. Appellant found real property at McJunkin Road in Tellico Plains. The seller of the property offered it to Appellant for $50,000. Appellant knew at the time of negotiations that the property was worth more than $50,000. He approached Plaintiff about jointly investing in it. Appellant initially represented to Plaintiff that they would own the property together 50-50. Later, he suggested revising Plaintiff's ownership interest to 40% because she had moved out of state and could not help much with showing the property to potential future buyers. Plaintiff agreed to this because she could only contribute approximately 40% of the purchase price. Appellant represented to Plaintiff that if she invested $19,300 toward the purchase price, she would own 40% of the property. On April 5, 2021, the seller and Whiskey Barrel Trading Company, LLC executed a Tennessee Residential Purchase Agreement for the McJunkin Road property. The purchase price was $50,000 and Appellant signed the agreement on behalf of the LLC.

On May 11, 2021, Plaintiff wired $19,300.00 from her personal bank account to the bank account of law firm White, Carson and Alliman. One of the attorneys at the law firm handled the McJunkin Road real estate closing. Through text message, Appellant instructed Plaintiff to "send [the funds] to the lawyer, that way there is a record of it and they can do the paperwork tax-wise." The "purpose of funds" on the wire transfer document read, "Robyn Hurvitz, 323 McJunkin Road, Tellico Plains, TN 37385." Plaintiff used a portion of her child's college fund for this wire transfer.

Through text messages exchanged on May 14, 2021, Appellant sent Plaintiff photographs of the McJunkin Road house and land. He assured Plaintiff that the property was "move-in ready," and that he had several potential buyers lined up for a quick sale with a list price of $169,900. Appellant closed the purchase of the property. On his instruction, the warranty deed dated May 14 was prepared and recorded such that the property was conveyed only to Whiskey Barrel Trading Company, LLC. Soon after this, Appellant informed Plaintiff that the property would have to be listed for sale by a realtor. In June of 2021, Plaintiff learned that she was not listed on the deed as a partial owner of the property. She attempted to have Appellant correct the deed to reflect her ownership interest in the property but he refused. The parties exchanged many text messages about the purchase and sale of the property both before and after the date of closing. Plaintiff did not deal with the seller.

On June 17, 2021, Plaintiff commenced this action by filing a complaint in the Monroe County Circuit Court ("trial court") against Appellant, Whiskey Barrel Trading

Company, LLC, and Appellant's son.[2]  She alleged misrepresentation, breach of contract, conversion, and unjust enrichment.  In her complaint, Plaintiff asked that the deed be reformed to reflect her 40% interest in the real property, that a lien *lis pendens* be placed on the property, and for punitive damages.  By this time, Appellant was communicating with Plaintiff in very vulgar terms and threatened to bankrupt her.  Appellant answered the complaint, admitting that Plaintiff wired $19,300 from her personal bank account to the closing agent to close the transaction for the McJunkin Road property.  Appellant filed a counter-complaint wherein he claimed that the $19,300 from Plaintiff was intended to settle a $9,000 debt she owed him.  Appellant claimed that the remaining $10,300 was for him to invest in items of personal property, as the parties had done in the past.  Plaintiff answered the counter-complaint and amended her complaint to add a cause of action for sale of the property in lieu of partition.  Appellant changed counsel in May of 2022.

On November 4, 2022, the trial court ordered that Appellant would be prohibited from referring to Plaintiff in a vulgar manner and from "offering evidence in any way related to Plaintiff's child custody, Plaintiff's child support, tax evasion, welfare fraud, medical/surgical/medical health history, and any criminal history."  On November 3, 2022, the action proceeded to the first phase of trial on the issue of liability.  All parties were represented by counsel.  The trial court heard the testimony of Plaintiff, Appellant, and the closing company's attorney.  In a thorough order entered December 21, 2022, the trial court found:

> The court does not find [Appellant] to be credible at all in his testimony, given all the text message conversations[.] The court specifically notes that [Appellant] never said anything about [Plaintiff] paying him for some other claimed debt until well over a month after this transaction closed.  In fact, the text conversations between [Appellant] and [Plaintiff] directly contradict [Appellant's] testimony, therefore leaving the court to have great concerns concerning [Appellant's] overall credibility.  Furthermore, [Appellant] testified that "he did not recall" whether or not he told [Plaintiff] that if she paid a certain amount, she would have an ownership interest in the property.  The court finds that the text messages are clear.  The court finds that it was always the parties' intent that [Plaintiff] would have a minimum of a 40% ownership interest in the property.  The court notes that when questioned on cross examination concerning his memory that he told [Plaintiff] that all of the appliances worked, and the home did not need any repairs, and that the home was in "move-in ready condition," and only needed minimal cleaning and could be moved right into, [Appellant's] response was he "did not recall" saying those things.  The court does not find [Appellant's] testimony concerning these items to be at all credible.  In fact, the court finds that

---

[2] The LLC and Appellant's son are not parties to this appeal.

- 3 -

[Appellant] did assure [Plaintiff] that the property was move-in ready[.]. [Appellant], by his own candid admission, has removed pretty much everything from inside the home due to repair items that he now says must be made[.] The court notes that [Appellant] now testifies that the house located upon the real estate should really be torn down due to its condition, but if it's not torn down it will require substantial repairs. The court notes this is not consistent at all with what [Appellant] previously informed [Plaintiff] of prior to the purchase of the property.

Additionally, the trial court determined that the parties had a valid, binding agreement and that Appellant falsely represented to Plaintiff "that if she invested $19,300.00 toward the purchase of the property that she would own a 40% interest in the title to the property." The court found that Appellant was solely responsible for instructing the closing attorney about the information to be included in the deed. The court further found that: Given their past business dealings, Plaintiff justifiably relied on Appellant's representations to her detriment; that Appellant's actions were intentional; that Plaintiff was entitled to the benefit of the doctrine of equitable estoppel; and that Appellant was liable for conversion and for intentional misrepresentation. The trial court concluded that Plaintiff was entitled to punitive damages and ordered that the property's deed be reformed to reflect her 40% interest as a tenant in common.

After entry of the December 21, 2022 order, Appellant's counsel withdrew from the case and Appellant continued pro se. The court heard the second phase of the trial concerning compensatory damages, punitive damages, attorney fees, and certain motions on July 31, 2023. The parties made opening statements but no additional evidence was admitted. By order entered November 20, 2023, the trial court found by clear and convincing evidence that the LLC "was and remains administratively dissolved" and "was nothing more than a cloak and/or sham used to work an injustice in this case upon [Plaintiff]." Considering Appellant's testimony that the property was worth between $125,000 and $220,000 at the time of conveyance to the LLC, the trial court determined the property's value was $125,000 and that Plaintiff's 40% interest of that value was $50,000. The court noted that Appellant had since "gutted" the property "without any improvements, thus the value of the house invested in by [Plaintiff] has now been drastically reduced." In deducting Plaintiff's $19,300 original investment, the trial court determined that her share of the lost profit was $30,700. The court analyzed the statutory punitive damages factors set forth in Tennessee Code Annotated section 29-39-104 and awarded $30,700 of punitive damages for Appellant's "malicious and ill-inte[nded]" actions. Finally, the court awarded attorney fees to Plaintiff. The court ordered that the property be sold to satisfy the judgment, in lieu of partition, and entered judgment jointly and severally against the LLC and Appellant.

Appellant timely appealed. By order entered January 30, 2024, we dismissed the appeal filed by Whiskey Barrel Trading Company, LLC because we determined that

- 4 -

Appellant, as a non-attorney, could not represent the entity. By order entered May 8, 2024, we struck Appellant's April 17, 2024 brief because he attempted to file it on behalf of the LLC, and we cautioned that said brief did not comply with Tennessee Rule of Appellate Procedure 27 or with Rule 6 of the Rules of the Court of Appeals of Tennessee. Appellant filed another brief on May 29, 2024. Plaintiff filed her brief as appellee and Appellant filed a reply brief.

## II.    ISSUES

Appellant raises the following issues which we list verbatim:

(1) Did the trial court err when it granted judgment as a matter of law in favor of Robyn Hurvitz not taking in consideration by several exhibits provided to it that she was not a credible witness and under TN rule 39-16-7 she was committing perjury, nor even presenting documents with her name/ signature as requested by TN rules 29-2-101, 47-2-201?

(2) Did the trial court err when it allowed the opposite Attorney Mr Cleveland to start a case but not to do his diligencies (as rule of civil procedure 26a could have helped) prior the case started in order to find out that LLC that once was linked to appellate William Smith faced the lawsuit was (prior to it) legally dissolved after all assets were sold out according and followed TN rule and code 48-249-7 but he kept on trying to collect from?

(3) Did the judge err when allowed the opposite Attornew continued a case after found out that appellate didn't possess any assets by the time of lawsuit started and the case was based on "hearsay"?

(4) Did the judge err when after exhibits were presented and admitted shown that before lawsuit was filed, appellate William Smith entered in a biding legal real estate contract with a buyer on the property in question making him not the rightful owner of it, therefore not his asset?

(5) Did the judge err when it awarded a porcentaje of the property in question to Mrs Robyn Hurvitz knowing (and proved) that property was under contract with somebody else outside the lawsuit therefore Mrs Hurvitz wouldn't have any rights to it?

(6) Did the judge err when allowed opposite Attornew Mr Cleveland to go after a proven dissolved LLC to try to collect punitive damages and attorney'fees and still trying to bring it to the case E2023-01633-COA-R3-CV even when judge ordered not to involve it on appeal case?

(7) Did the judge err when his filed final judgement against appellate after the fact he acknowledged dissolution of LLC, the recorded actual and current legal real estate contract, showing that he decided to overlook exhibits, not enforce local, state and federal rules and codes, nor to allow a fair trial and judgement without any sings of bias?

(8) Did the judge err when final judgement was presented but not considering that William Smith'interest in Whiskey Barrel Trading Company LLC was only 2.5% as shown in corporate books presented in court and the funds for improvements in the property in question were not considered, plus the 40% awarded to appellee doesn't equal to the amount he determined?

(9) Did the judge err when all exhibits were presented for him to review and a motion to amend was filed acknowledging that appellate William Smith was prose (after several interviews with more than 70 attorneys denied to take the case due to "the corruption that Monroe county is known for" and "the complexity and confusion of the case"), but still not honoring the oath he took "I, [ Name], do solemnly swear that I will support the Constitution of the United States of America and the Constitution of the State of Tennessee, that l will administer justice without respect of persons, and l will faithfully and impartially discharge all the duties incumbent upon me as Judge of the (Court & District)of the State of Tennessee, to the best of my skill and ability, so help me God." in order to prevent that more fraudulent cases as Mrs Hurvitz and her Attornew created this one, to try to take advantage of working honest people will be following this?

In the posture of appellee, Plaintiff raises the following dispositive issues:

(1) Whether the appeal should be dismissed because Appellant waived any issues by failing to file a principal brief – on his own behalf and not representing Whiskey Barrel Trading Company, LLC – that complies with Tennessee Rule of Appellate Procedure 27 and Rule 6 of the Rules of the Court of Appeals of Tennessee; and

(2) Whether Plaintiff should be awarded damages pursuant to Tennessee Code Annotated section 27-1-122.

## III.  STANDARD OF REVIEW

We review a non-jury case de novo upon the record, with a presumption of correctness as to the findings of fact unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000).  "In order for the evidence to preponderate against the trial court's findings of fact, the evidence must

support another finding of fact with greater convincing effect." *Wood v. Starko*, 197 S.W.3d 255, 257 (Tenn. Ct. App. 2006). This presumption of correctness applies only to findings of fact and not to conclusions of law. *Campbell v. Fla. Steel Corp.*, 919 S.W.2d 26, 35 (Tenn. 1996). The trial court's conclusions of law are subject to a de novo review with no presumption of correctness. *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993). The trial court's determinations regarding witness credibility are entitled to great weight on appeal and shall not be disturbed absent clear and convincing evidence to the contrary. *See Morrison v. Allen*, 338 S.W.3d 417, 426 (Tenn. 2011).

## IV.    DISCUSSION

*Whether the Appeal Should Be Dismissed*

Appellant maintains that the evidence speaks for itself. Plaintiff urges this court to hold that Appellant has waived the issues on appeal because his brief substantially fails to comply with the Rules of Appellate Procedure and the Rules of the Court of Appeals. We agree that Appellant's brief contains several deficiencies which flout the applicable Rules and hinder our ability to ascertain the gravamen of his arguments or to meaningfully review this case.

Tennessee Rule of Appellate Procedure 27 instructs that the appellant's brief "shall contain:"

(1) A table of contents, with references to the pages in the brief;

(2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;

. . .

(4) A statement of the issues presented for review;

(5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;

(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;

(7) An argument, which may be preceded by a summary of argument, setting forth: (A) the contentions of the appellant with respect to the issues

presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

(8) A short conclusion, stating the precise relief sought.

Tenn. R. App. P. 27(a). Additionally, Rule 6 of the Tennessee Court of Appeals states in part:

(a) Written argument in regard to each issue on appeal shall contain:

(1) A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.

(2) A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.

(3) A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.

(4) A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.

(b) No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

Tenn. Ct. App. R. 6(a), (b). "Pro se litigants who invoke the complex and sometimes technical procedures of the courts assume a very heavy burden." *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). It is well-settled that "[w]hile a party who chooses to represent himself or herself is entitled to the fair and equal treatment of the courts, [p]ro se litigants are not . . . entitled to shift the burden of litigating their case[s] to the courts." *Chiozza v. Chiozza*, 315 S.W.3d 482, 487 (Tenn. Ct. App. 2009) (internal citations omitted). Instead, pro se litigants are held to the same procedural and

- 8 -

substantive standards to which lawyers must adhere. *Diggs v. Lasalle Nat'l Bank Assoc., et al.*, 387 S.W.3d 559, 563 (Tenn. Ct. App. 2012); *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003).

First, Appellant's statement of the case does not indicate the nature of the case, the course of proceedings, and its disposition in the trial court. Tenn. R. App. P. 27(a)(5).

Second, Appellant's statement of facts fails to set forth the facts relevant to the issues presented for review with appropriate references to the record. Tenn. R. App. P. 27(a)(6). Several times in his statement of facts, Appellant refers to testimony or purported evidence that does not exist in the record because it was not properly admitted or because it was excluded *in limine*. This court considers the materials that are properly in the record from the trial court. *See* Tenn. R. App. P. 24(g); *Reid v. Reid*, 388 S.W.3d 292, 294 (Tenn. Ct. App. 2012) ("[W]e may only consider the record from the trial court."); *Richmond v. Richmond*, 690 S.W.2d 534, 535 (Tenn. Ct. App. 1985) ("This is a court of errors and appeals in which matters below are reviewed when presented by a duly authenticated record brought to this court pursuant to the Tennessee Rule[s] of Appellate Procedure."). Further, it is axiomatic that bare allegations and factual averments in dispute are not evidence. *See, e.g.*, *Threadgill v. Bd. of Prof'l Responsibility*, 299 S.W.3d 792, 812 (Tenn. 2009), overruled on other grounds by *Lockett v. Bd. of Prof'l Responsibility*, 380 S.W.3d 19 (Tenn. 2012) ("The law is clear that statements of fact made in or attached to pleadings, briefs, and oral arguments are not evidence and may not be considered by an appellate court unless they are properly made part of the record."); *Doe v. Mama Taori's Premium Pizza, LLC*, No. M1998-00992-COA-R9-CV, 2001 WL 327906, at *1 n.2 (Tenn. Ct. App. Apr. 5, 2001) (noting that allegations contained in parties' pleadings are not evidence and the requirement that litigants "present competent evidence to prove the factual averments in their respective pleadings" at trial); Tenn. R. App. P. 13(c). The rest of Appellant's "facts" contain irrelevant, unsupported attacks on Plaintiff's counsel, his own counsel, and the trial court, none of which assists our review.

Third, Appellant's argument section does not set forth his contentions with respect to the issues presented. Tenn. R. App. P. 27(a)(7). It is difficult to discern exactly what his contentions are relative to the issues raised for review or the reasons therefor. Although it is obvious that Appellant is displeased by the trial court's judgment, the briefing lacks an explanation as to why any of Appellant's contentions require appellate relief. For example, Appellant broadly faults the trial court because it "failed to properly consider the material facts of the case and incorrectly applied the law," without referencing the record. Additionally, Appellant's argument contains no citations to any relevant authorities; no appropriate references to the record relied on; and no concise statement of the applicable standard of review for each issue. *Id*.

Ordinarily, "failure to comply with the Rules of Appellate Procedure and the Rules of this Court" constitutes a waiver of the issues raised by the appellant. *Bean v. Bean*, 40

- 9 -

S.W.3d 52, 55 (Tenn. Ct. App. 2000).  Also, waiver may occur when an issue is designated, but not addressed or only minimally developed in the argument section of the appellant's brief.  "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed v. Bd. of Prof'l Responsibility of Sup. Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010).  "Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue." *Bean*, 40 S.W.3d at 55; *see also Hawkins v. Hart*, 86 S.W.3d 522, 531 (Tenn. Ct. App. 2001) ("[F]or an issue to be considered on appeal, a party must, in his brief, develop the theories or contain authority to support the averred position . . . .").  Simply put, "'[a]n issue may be deemed waived, even when it has been specifically raised as an issue, when the brief fails to include an argument satisfying the requirements of Tenn. R. App. P. 27(a)(7)." *Hodge v. Craig*, 382 S.W.3d 325, 335 (Tenn. 2012).

For the reasons set forth above, we agree with Plaintiff that Appellant has failed to comply with Tennessee Rule of Appellate Procedure 27(a) and Rule 6 of the Rules of the Court of Appeals.  Because Appellant's brief falls quite short of meeting the requirements of the mandatory rules, his issues on appeal are waived.

*Frivolous Appeal*

Plaintiff also contends that Appellant has filed a frivolous appeal, rendering him liable for damages to her on appeal pursuant to Tennessee Code Annotated section 27-1-122, which provides as follows:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27-1-122.

The decision whether to award damages for a frivolous appeal rests solely in our discretion. *Chiozza*, 315 S.W.3d at 493.  Appellate courts exercise their discretion to award fees under this statute "'sparingly so as not to discourage legitimate appeals.'" *Eberbach v. Eberbach*, 535 S.W.3d 467, 475 (Tenn. 2017) (quoting *Whalum v. Marshall*, 224 S.W.3d 169, 181 (Tenn. Ct. App. 2006)).  "'Successful litigants should not have to bear the expense and vexation of groundless appeals.'" *Whalum*, 224 S.W.3d at 181 (quoting *Davis v. Gulf Ins. Grp.*, 546 S.W.2d 583, 586 (Tenn. 1977)).  "A frivolous appeal is one that is 'devoid

of merit,' or one in which there is little prospect that it can ever succeed." *Indus. Dev. Bd. v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995).

This appeal had no prospect of success. Appellant pursued the appeal relying on a brief that significantly fails to comply with the requirements of Tennessee Rule of Appellate Procedure 27 and Rule 6 of the Rules of the Court of Appeals of Tennessee. Appellant does not address, with reference to relevant authority and to the record, the order actually appealed from. Also, Appellant's brief references material that was not properly admitted into evidence. With all of the above considerations in mind and exercising our discretion, we grant Plaintiff's request for attorney fees incurred on appeal, the amount of which the trial court shall determine upon remand.

## V.    CONCLUSION

For the foregoing reasons, the appeal is dismissed. The case is remanded for such further proceedings as may be necessary and consistent with this opinion, including a determination of the proper amount of appellate attorney fees and entry of judgment thereon. Costs of the appeal are taxed to the appellant, William Jennings Smith, for which execution may issue if necessary.

_____
JOHN W. McCLARTY, JUDGE